# IN THE COURT OF APPEALS OF IOWA

No. 15-0419
Filed December 9, 2015


**LESLIE A. HOLZ,**
        Plaintiff-Appellee,

**vs.**

**JOHN C. HOLZ,**
        Defendant-Appellant.
_____


        Appeal from the Iowa District Court for Jackson County, Nancy S. Tabor,

Judge.


        John Holz appeals the entry of a final Iowa Code chapter 236 (2015)

protective order.  **REVERSED AND REMANDED.**



        Bradley T. Boffeli of Boffeli & Spannagel, P.C., Maquoketa, for appellant.

        Leslie A. Holz, Zwingle, appellee pro se.


        Considered by Vogel, P.J., and Vaitheswaran and Bower, JJ.  Tabor, J.,

takes no part.

**VAITHESWARAN, Judge.**

John Holz appeals a district court order granting his wife Leslie Holz a final domestic abuse protective order under Iowa Code chapter 236 (2015). He contends the district court erred in finding sufficient evidence of an assault to support issuance of the protective order.

Iowa Code section 236.2(b) defines "domestic abuse" in part as an "assault [] between separated spouses or persons divorced from each other and not residing together at the time of the assault." "Assault" is defined as follows:

> A person commits an assault when, without justification, the person does any of the following:
> a. Any act which is intended to cause pain or injury to, or which is intended to result in physical contact which will be insulting or offensive to another, coupled with the apparent ability to execute the act.
> b. Any act which is intended to place another in fear of immediate physical contact which will be painful, injurious, insulting, or offensive, coupled with the apparent ability to execute the act.
> c. Intentionally points any firearm toward another, or displays in a threatening manner any dangerous weapon toward another.

Iowa Code § 708.1(2). A "claim of 'fear,' standing alone and absent an assault, does not give rise to a claim under chapter 236." *See, e.g., Owens v. Owens*, No. 08-1374, 2009 WL 606590, at *3 (Iowa Ct. App. Mar. 11, 2009); *see also Shannon v. Baumgartner*, No. 14-1650, 2015 WL 4935711, at *3-4 (Iowa Ct. App. Aug. 19, 2015). This is all we have.

Leslie sought a divorce from John while both lived in Arizona. Leslie later moved to Iowa; John remained in Arizona. Several months after her move, Leslie filed the chapter 236 petition, alleging in part that her husband obtained "numerous life insurance policies on" her life. At a hearing on the petition, Leslie

testified she continued to receive life insurance policies in the mail and they "disturb[ed]" her. She also testified John "told friends he" would "destroy" her. When asked if her husband had been in Iowa, she responded, "I have no idea." She conceded she had not seen John for approximately six months.

This evidence is insufficient to meet the statutory definition of assault. *See, e.g., Shannon*, 2015 WL 4935711, at *3-4; *Kadura v. Kadura*, No. 09-0704, 2009 WL 4842838, at *2 (Iowa Ct. App. Dec. 17, 2009); *Owens*, 2009 WL 606590, at *2-3. We reverse the protective order and remand for dismissal of Leslie's petition.

John seeks to have Leslie pay $1000 of his attorney fee obligation. Iowa Code chapter 236 does not authorize payment of fees by the plaintiff in a domestic abuse action. *See* Iowa Code § 236.5(4) ("The court may order that the defendant pay the plaintiff's attorney fees and court costs."). John's request is denied.

**REVERSED AND REMANDED.**